# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST, as Trustee, in Trust for Registered Holders of LONG BEACH MORTGAGE LOAN TRUST 2005-3, Asset-Backed Certificates, Series 2005-3, | No. 54113-1-II |
| Respondent, | |
| v. | |
| JAMES M. EVERHAM II; and OCCUPANTS OF THE PREMISE, | UNPUBLISHED OPINION |
| Defendants, | |
| STAN DENOVA, a/k/a STANLEY J. DENOVA, | |
| Appellant. | |

LEE, C.J. — Stan Denova appeals the superior court's order granting Deutsche Bank National Trust Company's motion for summary judgment and the judgment quieting title in Deutsche Bank. Because Denova has failed to designate an adequate record for our review, we cannot review the issues raised on appeal. Therefore, we must affirm the superior court.

## FACTS

On November 15, 2019, the superior court entered an order granting Deutsche Bank's motion for summary judgment. The superior court also entered judgment quieting title to the disputed property in Deutsche Bank and authorizing a writ of restitution for the property. The only portions of the record that are designated as part of the record on appeal are a declaration of

mailing, a proposed order on summary judgment, and the hearing on the motion for summary judgment.[1]

ANALYSIS

On appeal, Denova assigns error to portions of the superior court's judgment and asks this court to reverse summary judgment and allow the case to proceed to trial. Because Denova has failed to designate a record that is adequate for review, we affirm the superior court.

First, Denova has assigned error to the superior court's judgment, but he has not designated the judgment as part of the record for review. The record on review may consist of a report of proceedings, clerk's papers, exhibits, and a certified record of administrative adjudicative proceedings. RAP 9.1(a). RAP 9.6(a) states, in relevant part, that

> [t]he party seeking review should, within 30 days after the notice of appeal is filed . . . serve on all other parties and file with the trial court clerk a designation of those clerk's papers and exhibits the party wants the trial court clerk to transmit to the appellate court. A copy of the designation shall also be filed with the appellate court clerk.

RAP 9.6(b)(1) states that "[t]he clerk's papers shall include, at a minimum," the notice of appeal, any written order or ruling not attached to the notice of appeal which the party seeks review, and any written opinion or findings of fact or conclusions of law. Denova has not designated as clerk's papers the superior court's judgment. Therefore, we cannot review the assignments of error to the superior court's judgment.

Second, Denova asks us to reverse summary judgment despite the fact that Denova neither assigned error to the superior court's summary judgment order nor designated the order granting

---

[1] The order and judgment are attached to Denova's notice of appeal transferred to this court as the initiation notice for this case. However, Denova did not designate his notice of appeal as part of the clerk's papers as required by RAP 9.6(b)(1)(A); therefore, the documents attached to his notice of appeal are not part of the record on appeal.

summary judgment as part of the record on appeal. These errors preclude our review of the superior court's order on summary judgment. *See* RAP 9.6(b)(1)(A), (D) (clerk's papers must, at a minimum, include the notice or appeal or any written order not attached to the notice of appeal); RAP 10.3(a)(4) (briefs must include a separate statement of each error a party contends was made by the superior court). And even if these errors did not preclude review, the record on appeal is insufficient to allow us to review the superior court's order granting summary judgment because none of the evidence relied on for summary judgment has been designated as part of the record. *See* RAP 9.12 ("On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court.").[2]

Because Denova has failed to meet his burden to properly designate the order on summary judgment and the superior court's judgment as part of the record on appeal, we are precluded from reviewing the issues raised in his appeal. Therefore, the superior court's judgment must be affirmed.

We affirm.

---

[2] Even if we considered the order granting summary judgment or the judgment attached to Denova's notice of appeal, we would still be unable to reach the merits of Denova's appeal because the record fails to include the evidence relevant to the issues raised. When the appellant fails to meet his burden to perfect the record on appeal, we may decline to reach the merits of the issues raised on appeal. *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d 687 (1998), *review denied* 137 W.2d 1017 (1999). "We are mindful that the cases and issues will not be determined on the basis of compliance or noncompliance with the rules of appellate procedure except in compelling circumstances where justice demands." *Id*. at 693. However, here, Denova has failed to designate *any* of the evidence relevant to the superior court's order on summary judgment or the resulting judgment. Thus, we are unable to glean any of the necessary facts from the record that has been designated on appeal and, therefore, we would be unable to reach the merits of the issues Denova raises on appeal. *See Id.* ("[A]lthough the designated record and briefing in this case teeter on a tightrope of inadequacy, with some difficulty we have gleaned an outline of the facts sufficient to resolve the issues before us.").

No. 54113-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Cruser, J